UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KEITH SNELL AND TERESA M. SNELL, ON
BEHALF OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,

PLAINTIFFS,

v.

ALLIANZ LIFE INSURANCE COMPANY OF NORTH
AMERICA AND FIDELITY UNION LIFE
INSURANCE COMPANY,

DEFENDANTS.

CIVIL NO. 97-2784 (JRT/AJB)

REPORT & RECOMMENDATION

---

Heidi A. O. Fisher, Oppenheimer Wolff & Donnelly LLP, 45 South Seventh Street, Suite 3300, Minneapolis MN 55402 (for Movant/Defendants).

## I.  INTRODUCTION

This matter is before the Court, Chief United States Magistrate Judge Arthur J. Boylan, on Allianz Life Insurance Company of North America and Fidelity Union Life Insurance Company's (Movants) Motion to Enforce Class Action Settlement and this Court's Final Judgment against Harold W. Melvin and Peggy M. Melvin and Their Counsel [Docket No. 443]. This case was originally assigned to United States District Court Judge John R. Tunheim and referred to Magistrate Judge Raymond L. Erickson. [Docket No. 16.] The parties consented to the exercise of jurisdiction by United States Magistrate Judge Erickson. [Docket No. 53.] Following Judge Erickson's retirement in August 2009, this case was reassigned to United States District Court Judge John R. Tunheim and referred to the Court, Chief United States Magistrate

1

Judge Boylan. [Docket No. 449.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the present motion was referred to this Court for a proposed findings of fact and a recommendation for the disposition of the motion. [Docket No. 450.] A hearing was held on the motion on October 1, 2010. [Docket No. 454.]

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY RECOMMENDED** that Allianz Life Insurance Company of North America and Fidelity Union Life Insurance Company's Motion to Enforce Class Action Settlement and this Court's Final Judgment against Harold W. Melvin and Peggy M. Melvin and Their Counsel [Docket No. 443] be **GRANTED**.

## II.     BACKGROUND

The background of this case is set forth in detail in the Court's March 9, 2009 Order. [Docket No. 442.] By way of brief summary, in September 2008, the Court entered an Order Approving Class Action Settlement in this case. [Docket No. 381.] The settlement class was defined in pertinent part as:

> [A]ll persons or entities who have, as of the Eligibility Date (as defined in the Settlement Agreement) * * * an ownership interest in * * * UL 1500 * * * life insurance policies issued by Allianz [or Fidelity] ("Policies") during the period January 1, 1984 through December 31, 1996 ("Class Period").

(Order Approving Class Settlement, at 2 ¶3 (Sept. 8, 2000); [Docket No. 381].) The Order Approving Settlement detailed the method by which notice was provided to the class members in this action. (*Id.* at 3, ¶ 5.) The Order Approving Settlement also found the Notice "constituted the best practicable notice to Class Members under the circumstances" and "was reasonably calculated, under the circumstances, to" provide notice to the class members. (*Id.*) The Settlement Order also contained a release and waiver, stating that

> all Class Members . . . release and discharge . . . all causes of action, claims, damages, equitable, legal and administrative relief, declaratory relief, interest, demands or rights, including, without limitation, claims for rescission or restitution or for all damages of any kind, including those in excess of actual damages, and claims for mental anguish, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, that have been, could have been, may be or could be alleged or asserted now or in the future . . . on the basis of, connected with, arising out of, or related to, in whole or in part, the Released Transactions which include without limitation:
>
> > a. any or all of the acts, omissions, facts, matters, transactions or occurrences that have been, could have been, may be or were directly or indirectly alleged, asserted, described, set forth or referred to in the Action;
> >
> > b. any or all of the acts, omissions, facts, matters, transactions, occurrences, sales presentations, illustrations, or any oral or written statements or representations allegedly made in connection with or directly or indirectly relating to the Released Transactions, including, without limitation, any acts, omissions, facts, matters, transactions, occurrences, or oral or written statements or representations . . . .

(*Id.* at 6, ¶ 12.) The release specifically covered claims based on the "Disappearing Premium or the Disappearing Premium Feature"; "the number and/or amount of out-of-pocket payments that were paid or would need to be paid to sustain any life insurance policy"; and

> the use of any existing policy's cash value or cash surrender value to other policy value by means of a surrender, partial surrender, withdrawal, partial withdrawal, or loan to purchase or maintain a new Policy or Policies or another life insurance policy, and/or the replacement or rollover of any existing life insurance policy or Policy with or into a new Policy.

(*Id.* at 7, ¶ 12.) The Settlement Order also entered a permanent injunction, enjoining all class members from "filing, commencing, [and] prosecuting . . . any lawsuit . . . in any jurisdiction based on or relating to the claims and causes of action, or the facts in [the action] or the

[transactions described within the release and waiver]." (*Id.* at 9, ¶ 14.) As part of the settlement this Court retained jurisdiction in order to enforce the settlement. (*Id.* at 10, ¶ 18.)

In April 2010, Harold W. Melvin and Peggy Melvin filed a Complaint in Mississippi state court against Movants Allianz Life and Annuity Company, as successor in interest to Fidelity Union Life Insurance Company. [Docket No. 447-1]; *see Melvin v. Allianz Life and Annuity Company*, Cause No. 2010-41-cv4 (Jones County, Miss., Apr. 29, 2010). The Melvins are represented in that action by Thomas T. Buchanan and John D. Smallwood of the law firm Tucker Buchanan, P.A., P.O. Box 4326 Laurel, MS 39441-4326. The Melvins allege in their Complaint as follows: Sometime before September 1984, Harold Melvin purchased a life insurance policy with Allianz insuring his life; by letter dated September 27, 1984, Allianz's agent gave Harold Melvin an option "to use the case value of [his] present policy and . . . pay $845.99 up front" in order to pre-pay his life insurance premiums, such that no more premiums would be due; Harold Melvin accepted this offer; by letter dated February 19, 2010, Allianz sent the Melvins a <u>Notice of Termination</u>; the stated basis for termination was "insufficient cash value to cover the cost of insurance and expenses." Based upon these allegations, the Melvins brought claims for breach of contract, specific performance, unjust enrichment, and punitive damages.

In the Movants Answer and Defenses to the Melvins' Complaint, the Movants stated that the Melvins had failed to state a claim upon which relief can be granted because the Melvins' policy was subject of a class action settlement in *Snell v. Allianz Life Insurance Company of North America*, Civ. No. 0:97-cv-2784 (RLE) (*Snell*). [Docket No. 447-2.] The Movants then brought the present Motion to Enforcement Settlement and this Court's Final Judgment against Harold W. Melvin and Peggy M. Melvin and Their Counsel, seeking a writ prohibiting the Melvins and their counsel from continuing their violation of the *Snell* judgment by asserting

claims against Allianz in Mississippi state court. [Docket No. 443.] In support of their motion, the Movants attached an affidavit of Kathy Wanamaker-Olson. [Docket No. 446.] Ms. Wanamaker-Olson attests that she is employed by Allianz Life Insurance Company of North America and the Melvins neither filed a claim pursuant to the claims administration process nor did they opt out of the settlement in *Snell*. [Docket No 446.] Since Harold Melvin was over the age of 60 on the final settlement date of October 10, 2000, he received the CIB, which was additional death benefit coverage of $2,500 for 24 months. (*Id.*)

There were no pleadings filed by either the Melvins or their counsel in response to the Movants' Motion to Enforcement Settlement. At the hearing on this Motion on October 1, 2010, John D. Smallwood appeared by telephone with Harold Melvin, a retired member of the Mississippi bar. Both Mr. Smallwood and Mr. Melvin spoke on the record.[1]

---

[1] The Melvins and their counsel in this matter failed to submit a memorandum of law in response to Movants' Motion to Enforcement Settlement. Nevertheless, Mr. Smallwood appeared on his own behalf and on behalf of the Melvins in this matter.

The Local Rules for the United States District Court for the District of Minnesota provide that "[i]n the event a party fails to timely deliver and serve a memorandum of law, the Court may . . . refuse to permit oral argument by the party not filing the required statement . . . or proceed in such other manner as the Court deems appropriate." D. Minn. LR 7.1(e). Furthermore, "[t]he bar of this Court consists of those attorneys admitted to practice before [it] . . . [and n]o person, unless duly admitted to practice in this Court, shall be permitted to appear and participate in . . . the hearing of any motion except in his or her own behalf or with special permission of the Court." *Id.* at LR 83.5(a).

Mr. Smallwood argued at the hearing that he did not need to be admitted pro hac vice in order to appear at the hearing because he was identified in Movant's Motion. Mr. Smallwood's argument is incorrect. While Mr. Smallwood was permitted by Local Rule 83.5(a) to appear on "his . . . own behalf," the Local Rules specifically preclude him for speaking on behalf of Mr. Melvin, his client. There is nothing in the record to suggest that Mr. Smallwood had an insurance policy with the Movants or was in any way acting independently. Rather the record supports that Mr. Smallwood was acting as counsel on behalf of the Melvins. Therefore, Mr. Smallwood should have moved for admission pro hac vice and must do so in order to participate in any further motion practice in this matter. Likewise, Mr. Smallwood's failure to file a responsive memorandum of law could have served as a basis to preclude Mr. Smallwood from offering any

5

## III. ANALYSIS

The Melvins argue that this Court lacks jurisdiction to enforce the settlement against them. The authority of this Court to act in this matter was exhaustively examined in the Court's March 9, 2009 Order. [Docket No. 442.] The All Writs Act provides that this Court has jurisdiction to "issue all writs necessary or appropriate in aid of [its] respective jurisdiction and agreeable the usages and principles of law." 28 U.S.C. § 1651(a). Thus, this Court "has the authority to issue an injunction enforcing the Final Judgment of Dismissal and Order which embody the terms of a settlement agreement." *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 189 (8th Cir. 1993).

The Melvins next argue that Notice of Class Settlement was insufficient to enforce the settlement against them. The Notice of Class Settlement in the matter was previously determined to "constitute[] the best practicable notice to Class Members under the circumstances" and "was reasonably calculated, under the circumstances, to" provide notice to the class members. Even if the Melvins did not receive the mailed Notice of Class Settlement,[2] the publication of the Notice fulfilled the requirements of due process. *Cf. Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318, 70 S. Ct. 652, 659 (1950) (holding that notice by publication fulfills the due process requirements of notice where beneficiaries addresses are unknown). Thus, the settlement can be enforced with respect to the Melvins so long as they are members of the settlement class and their claims fall within the scope of the release and waiver. *See Reppert v. Marvin Lumber*

---

argument on the record. Therefore, Mr. Smallwood should file memoranda of law if he intends to make or oppose any further motions in this action.

[2] At the hearing the Movants also provided this Court with a second affidavit of Kathy Wanamaker-Olson, dated September 30, 2010, wherein Ms. Wanamaker-Olson attests that Harold W. Melvin was in the class database and was sent a notice of the settlement. The Movants provided the Melvins with a copy of this submission prior to the hearing. But, because Movants did not file this affidavit, this Court does not base its proposed findings or recommendations on this affidavit.

*and Cedar Co.*, Inc., 359 F.3d 53, 56 -57 (1st Cir. 2004) (holding that "[a]fter . . . appropriate notice is given, if the absent class members fail to opt out of the class action, such members will be bound by the court's actions, including settlement and judgment, even though those individuals never actually receive notice").

The Melvins finally argued that their implied consent was necessary in order for the settlement agreement to be enforced against them. This argument fails because there is no implied consent requirement to enforce a settlement agreement. *See Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874, 104 S. Ct. 2794, 2798 (1984) ("A judgment in a properly entertained class action is binding on class members in any subsequent litigation.").

This Court concludes that the Melvins were members of the Settlement Class. The Melvins' Complaint states that they owned a policy of the type described in the Order Approving Class Settlement and they owned the policy during the period January 1, 1984 through December 31, 1996. The Melvins' claims are based on Harold Melvin's act of accepting the offer of Allianz's agent "to use the case value of [his] present policy and . . . pay $845.99 up front" in order to pre-pay his life insurance premiums, such that no more premiums would be due, and Allianz's act of terminating their policy based upon "insufficient cash value to cover the cost of insurance and expenses." These actions fall within the scope of the release and waiver in *Snell v. Allianz Life Insurance Company Of North America*, 97-2784 (JRT/AJB). Therefore, this Court finds the Melvins' current claims are governed, and controlled, by the Order Approving Class Settlement and Judgment. Thus, the Melvins have violated the permanent injunction entered in this matter by bringing their Complaint in Mississippi state court.

## IV. PROPOSED FINDINGS OF FACT

1. Harold W. Melvin and Peggy Melvin were members of the settlement class in *Snell v. Allianz Life Insurance Company Of North America*, 97-2784 (JRT/AJB).

2. Harold W. Melvin and Peggy Melvin did not opt out of the settlement.

3. Harold W. Melvin and Peggy Melvin's claims in *Melvin v. Allianz Life and Annuity Company*, Cause No. 2010-41-cv4 (Jones County, Mississippi) fall within the scope of the release and waiver in *Snell v. Allianz Life Insurance Company Of North America*, 97-2784 (JRT/AJB).

4. Harold W. Melvin and Peggy Melvin have violated the permanent injunction in this action by asserting their claims against Movants in the Mississippi action.

## V. RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that an order be issued providing that:

1. Allianz Life Insurance Company of North America and Fidelity Union Life Insurance Company's Motion to Enforce Class Action Settlement and this Court's Final Judgment against Harold W. Melvin and Peggy M. Melvin and Their Counsel [Docket No. 443] is **GRANTED**;

2. That Harold W. Melvin and Peggy M. Melvin, and Their Counsel, are enjoined from pursuing their claims in the matter of *Melvin v. Allianz Life and Annuity Company*, Cause No. 2010-41-cv4 (Jones County Circuit Court, Mississippi), or in any other forum or jurisdiction, insofar as those claims are based on or relate to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released

Transactions, as described in this Court's Settlement Order of September 8, 2000 [Docket No. 381];

3. That the Harold W. Melvin and Peggy M. Melvin, and Their Counsel, shall provide notice of this Order within seven (7) days, to the Circuit Court of Jones County, Mississippi; and

4. That the Harold W. Melvin and Peggy M. Melvin, and Their Counsel shall perform any and all actions necessary to terminate the proceedings in the Circuit Court of Jones County, Mississippi.

Dated: October 13, 2010

                                       s/ Arthur J. Boylan
                                Chief Magistrate Judge Arthur J. Boylan
                                United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before     October 28, 2010     .